# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

ROY SARGEANT,

*Plaintiff–Appellant,*

v.

ARACELIE BARFIELD,

*Defendant–Appellee.*

On Appeal from the United States District Court for the
Northern District of Illinois, Western Division
No. 19 C 50187
Hon. Iain D. Johnston, District Judge

## MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* OF
## AMERICAN CIVIL LIBERTIES UNION &
## AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS
## IN SUPPORT OF PETITION FOR REHEARING EN BANC

Pursuant to Federal Rule of Appellate Procedure 29, proposed amici curiae respectfully move the court for leave to file the accompanying amici curiae brief in this case. Plaintiff–Appellant Roy Sargeant consents to this motion for leave to file. Defendant–Appellee Aracelie Barfield has no objection.

## INTEREST OF AMICI CURIAE

The American Civil Liberties Union Foundation ("ACLU") is a nationwide, nonprofit, nonpartisan organization with more than two million members and supporters dedicated to the principles of liberty and equality embodied in the Constitution and the Nation's civil rights laws. The ACLU of Illinois is a state affiliate of the ACLU. The ACLU and ACLU of Illinois appear frequently before this Court, both as counsel representing parties and as amici curiae. The ACLU has litigated numerous cases involving damages claims implied under the U.S. Constitution, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in this Court and other federal courts. Amici filed briefs in *Bivens* itself, *see* Br. of ACLU, Amicus Curiae, *Bivens*, 403 U.S. 388 (No. 301), 1970 WL 122681, as well as in the Supreme Court's recent *Bivens* cases, *see* Br. for Amici Curiae ACLU et al. in Support of Resp't, *Egbert v. Boule*, 596 U.S. 482 (2022) (No. 21-147), 2022 WL 296795; Br. Amici Curiae of ACLU et al. in Support of Pet'rs, *Hernandez v. Mesa*, 140 S. Ct. 735 (2020) (No. 17-1678), 2019 WL 3854466; and Br. of ACLU et al. as Amici Curiae in Support of Resp'ts, *Ziglar v. Abbasi*, 582 U.S. 120 (2017) (Nos. 15-1358, 15-1359, 15-1363), 2016 WL 7473959.

## ARGUMENT

Amici curiae ACLU and ACLU of Illinois move for leave to file the attached

brief in support of the petition for rehearing en banc. This case concerns the scope of remedies available under *Bivens* to incarcerated persons whose Eighth Amendment rights have been violated—an issue of broad and exceptional importance in this Circuit and around the country. Amici bring extensive experience in *Bivens* cases to this full Court's reconsideration of the panel opinion, and have a longstanding interest in the implementation and protection of such constitutional rights. Since the original *Bivens* action itself, amici have represented the rights and interests of their members and their mission to defend and advance civil rights and civil liberties in cases where courts consider whether to recognize damages actions brought directly under the Constitution.

Amici's brief explains the panel opinion's various errors in concluding that Petitioner's claim falls within a new, rather than established, *Bivens* context. It also discusses the broader constitutional implications of the panel's erroneous decision, including how it disturbs the settled expectations of both the public and law enforcement when it comes to violations of prisoners' Eighth Amendment rights, and the damaging ramifications of the panel's conclusion that the courthouse doors in this Circuit are now closed to federal prisoners' claims for damages under the Constitution when federal prison officials put them in harm's way.

## CONCLUSION

The Court should grant amici's motion for leave to file their brief, attached hereto as Exhibit A.

Dated: February 20, 2024

Respectfully submitted,

*/s/ Rebecca Glenberg*

Cecillia D. Wang
American Civil Liberties Union
  Foundation
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0775
cwang@aclu.org

Jennifer Wedekind
American Civil Liberties Union
  Foundation
915 15th St. NW
Washington, D.C. 20005
(202) 548-6610
jwedekind@aclu.org

Rebecca Glenberg
Camille Bennett
Roger Baldwin Foundation of
  ACLU, Inc.
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
(312) 201-9740
rglenberg@aclu-il.org
cbennett@aclu-il.org

Brett Max Kaufman
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
bkaufman@aclu.org

*Counsel for Amici*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, I electronically filed the

foregoing with the Clerk of the Court for the United States Court of Appeals for

the Seventh Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served

by the appellate CM/ECF system.


Dated: February 20, 2024                    */s/ Rebecca Glenberg*
                                            Rebecca Glenberg

                                            *Counsel for Amici Curiae*

# Exhibit A

No. 21-2287

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

ROY SARGEANT,

*Plaintiff–Appellant,*

v.

ARACELIE BARFIELD,

*Defendant–Appellee.*

On Appeal from the United States District Court for the
Northern District of Illinois, Western Division
No. 19 C 50187
Hon. Iain D. Johnston, District Judge

## BRIEF *AMICI CURIAE* OF AMERICAN CIVIL LIBERTIES UNION & AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS IN SUPPORT OF PETITION EN BANC

Cecillia D. Wang
American Civil Liberties Union
  Foundation
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0775
cwang@aclu.org

*Counsel for Amici*
*(additional Counsel listed on next page)*

Rebecca Glenberg
Camille Bennett
Roger Baldwin Foundation of
  ACLU, Inc.
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
(312) 201-9740
rglenberg@aclu-il.org
cbennett@aclu-il.org

Jennifer Wedekind
American Civil Liberties Union
  Foundation
915 15th St. NW
Washington, D.C. 20005
(202) 548-6610
jwedekind@aclu.org

Brett Max Kaufman
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
bkaufman@aclu.org

*Counsel for Amici*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 21-2287

Short Caption: Roy Sargeant v. Aracelie Barfield

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
American Civil Liberties Union of Illinois

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Roger Baldwin Foundation of ACLU, Inc.

(3)    If the party, amicus or intervenor is a corporation:

     i)      Identify all its parent corporations, if any; and
N/A

     ii)      list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
N/A

---

Attorney's Signature: /s/ Rebecca K. Glenberg      Date: February 20, 2024

Attorney's Printed Name: Rebecca K. Glenberg

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ✓    No ☐

Address: 150 N. Michigan Ave., Ste. 600

Chicago, IL 60601

Phone Number: 312-210-9740      Fax Number: 312-535-6571

E-Mail Address: rglenberg@aclu-il.org

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 21-2287

Short Caption: Roy Sargeant v. Aracelie Barfield

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

   American Civil Liberties Union of Illinois

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   Roger Baldwin Foundation of ACLU, Inc.

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

       N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

       N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   N/A

---

Attorney's Signature: /s/ Camille E. Bennett     Date: February 20, 2024

Attorney's Printed Name: Camille E. Bennett

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☐   No ☑

Address: 150 N. Michigan Ave., Ste. 600

   Chicago, IL 60601

Phone Number: 312-210-9740     Fax Number: 312-535-6571

E-Mail Address: cbennett@aclu-il.org

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 21-2287

Short Caption: Sargeant v. Barfield

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐          **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
American Civil Liberties Union Foundation

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
American Civil Liberties Union Foundation, American Civil Liberties Union Foundation of Illinois (counsel for amici curiae)

(3)     If the party, amicus or intervenor is a corporation:

   i)          Identify all its parent corporations, if any; and
   None

   ii)         list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
   None

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
N/A

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
N/A

Attorney's Signature: _____          Date: February 20, 2024

Attorney's Printed Name: Cecillia Wang

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     Yes ☐     No ☑

Address: 425 California St, Suite 700

San Francisco, CA 94104

Phone Number: (415) 343-0775          Fax Number: (212) 549-2644

E-Mail Address: cwang@aclu.org

rev. 12/19 AK

iii

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 21-2287

Short Caption: Sargeant v. Barfield

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
American Civil Liberties Union Foundation

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
American Civil Liberties Union Foundation, American Civil Liberties Union Foundation of Illinois (counsel for amici curiae)

(3)   If the party, amicus or intervenor is a corporation:

     i)   Identify all its parent corporations, if any; and

          None

     ii)   list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

          None

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   N/A

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   N/A

Attorney's Signature: _Jennifer Wedekind_     Date: February 20, 2024

Attorney's Printed Name: Jennifer Wedekind

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐   No ☑

Address: 915 15th St NW

      Washington, D.C. 20005

Phone Number: (202) 548-6610      Fax Number: (212) 549-2644

E-Mail Address: jwedekind@aclu.org

rev. 12/19 AK

iv

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: <u>21-2287</u>

Short Caption: <u>Sargeant v. Barfield</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    American Civil Liberties Union Foundation

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    American Civil Liberties Union Foundation, American Civil Liberties Union Foundation of Illinois (counsel for amici curiae)

(3)     If the party, amicus or intervenor is a corporation:

    i)     Identify all its parent corporations, if any; and

        None

    ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        None

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: _(signature)_     Date: February 20, 2024

Attorney's Printed Name: Brett Max Kaufman

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes [ ]   No [✓]

Address: 125 Broad St, 18th Floor

    New York, NY 10038

Phone Number: (212) 549-2500     Fax Number: (212) 549-2644

E-Mail Address: bkaufman@aclu.org

# TABLE OF CONTENTS

APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT ............................i

TABLE OF AUTHORITIES ..........................................................................................vii

STATEMENT OF AMICI CURIAE ............................................................................. ix

SUMMARY OF ARGUMENT ...................................................................................... 1

ARGUMENT ................................................................................................................... 3

    I.   The panel opinion conflicts with the Supreme Court's repeated holdings that *Bivens* relief remains available in cases, like this one, presenting contexts already recognized by the Court. ..................................................3

    II.  This case presents a question of exceptional importance, leaving people in federal prisons without a remedy for Eighth Amendment violations throughout this Circuit. ................................................................................9

CONCLUSION ............................................................................................................ 10

CERTIFICATE OF COMPLIANCE ........................................................................ 12

CERTIFICATE OF SERVICE...................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bistrian v. Levi*,
    912 F.3d 79 (3d Cir. 2018)................................................................................. 4

*Carlson v. Green*,
    446 U.S. 14 (1980).......................................................................................... 1, 4

*Egbert v.* Boule,
    142 S. Ct. 457 (2021) (mem.) ......................................................................... 7

*Egbert v. Boule*,
    596 U.S. 482 (2022)....................................................................................1, 4, 7

*Farmer v. Brennan*,
    511 U.S. 825 (1994) ....................................................................................... 1, 4

*Farmer v. Brennan*,
    81 F.3d 1444 (7th Cir. 1996) ........................................................................... 8

*Hernandez v. Mesa*,
    140 S. Ct. 735 (2020)..................................................................................... 1, 4

*Wilson v. Seiter*,
    501 U.S. 294 (1991) .......................................................................................... 5

*Ziglar v. Abbasi*,
    582 U.S. 120 (2017) ...............................................................................1, 3, 4, 5

## Other Authorities

Federal Bureau of Prisons, *Our Locations*,
    https://www.bop.gov/locations/list.jsp (last visited Feb. 20, 2024) ............ 10

Federal Bureau of Prisons, *Population Statistics*,
    https://www.bop.gov/mobile/about/population_statistics.jsp. (last
    updated Feb. 15, 2024) ................................................................................... 10

Tr. of Oral Argument, *Farmer v. Brennan*, 511 U.S. 825 (Jan. 12, 1994) (No. 92-7247), 1994 WL 662267 ....................................................................................... 8

**<u>Rules</u>**

Fed. R. App. P. 35(a)(2) ........................................................................................... 10

# STATEMENT OF AMICI CURIAE[1]

The American Civil Liberties Union Foundation ("ACLU") is a nationwide, nonprofit, nonpartisan organization with more than two million members and supporters dedicated to the principles of liberty and equality embodied in the Constitution and the Nation's civil rights laws. The ACLU of Illinois is a state affiliate of the ACLU. Amici appear frequently before this Court, both as counsel representing parties and as amicus curiae. The ACLU has litigated numerous cases involving *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in this Court and other federal courts, including the Supreme Court of the United States.

---

[1] Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), counsel for amici certify that no person or entity, other than amici, their members, or their counsel, made a monetary contribution to the preparation or submission of this brief or authored this brief in whole or in part.

**SUMMARY OF ARGUMENT**

In rejecting Plaintiff Roy Sargeant's *Bivens* claim against prison officials who violated the Eighth Amendment by deliberately putting him in danger of violence from other prisoners, the panel majority contravened multiple Supreme Court precedents and deepened a circuit split. As the dissent explained, the majority opinion ignored the Supreme Court's instruction that the lower courts should not attempt to "anticipate" changes to the doctrine rather than applying the law as it is today. *See* Op. at 23 (Hamilton, J., dissenting). Moreover, the panel also failed to heed the Supreme Court's holding that *Bivens* remains viable in "contexts" where the Court has already recognized its suitability, even if not in new ones. *See Egbert v. Boule*, 596 U.S. 482, 491–92 (2022); *Hernandez v. Mesa*, 140 S. Ct. 735, 742–43 (2020); *Ziglar v. Abbasi*, 582 U.S. 120, 136–40 (2017).

Mr. Sargeant's deliberate indifference case arises in such a recognized context. In *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court held that *Bivens* damages were available to a prisoner whose Eighth Amendment rights had been violated by prison officials' deliberate indifference to his medical needs. And in *Farmer v. Brennan*, 511 U.S. 825 (1994), a prisoner-safety *Bivens* case brought under *Carlson*, the Court developed the proper standard under which all courts have subsequently assessed such claims. Because there is no

1

meaningful distinction between those cases and this one, this case does not present a "new" *Bivens* context, and damages should be available to Petitioner.

By deciding that this case does present a new "context," the panel opinion puts this Circuit into conflict with the Third Circuit's persuasive precedent, and into tension with its own past cases assuming the availability of relief in cases like Petitioner's, as well as the Supreme Court's own *Bivens* guidance. It is possible that the Supreme Court will one day reject a *Bivens* claim like Mr. Sargeant's, but it has not done so yet, instead leaving in place its existing precedents recognizing a *Bivens* remedy in this context. The majority's opinion contravenes those Supreme Court precedents by foreclosing damages relief that has long been available to people subjected to arbitrary abuse by their jailors. Moreover, this case is of exceptional importance because it leaves federal prisoners—approximately 10,000 people, more than 10% of the prison population in this Circuit—without any remedy. Because of this conflict with Supreme Court precedent, and because of the importance of this issue for individual rights, the en banc Court should rehear this case.

**ARGUMENT**

**I.  The panel opinion conflicts with the Supreme Court's repeated holdings that *Bivens* relief remains available in cases, like this one, presenting contexts already recognized by the Court.**

The panel decision conflicts with the Supreme Court's most recent *Bivens* opinions, which hold that damages remain available in contexts already recognized by the Court. As set forth below, Mr. Sargeant's case is materially indistinguishable from prior Supreme Court decisions recognizing *Bivens* claims under the Eighth Amendment.

*Carlson* and *Farmer* make clear that Mr. Sargeant's Eighth Amendment deliberate indifference claim arises in a Supreme Court–approved *Bivens* context. In those cases, the Supreme Court performed the necessary balancing between congressional prerogatives and the judicial responsibility to provide a remedy for violation of rights, and decided that plaintiffs should have a *Bivens* remedy. The Supreme Court has recognized *Bivens* claims like Mr. Sargeant's because they "vindicate the Constitution by allowing some redress for injuries" and "provide[] instruction and guidance to federal law enforcement officers going forward." *Abbasi*, 582 U.S. at 134 (explaining why Fourth Amendment *Bivens* claims like those in the original *Bivens* action remain viable).

In *Carlson*, the Court held that *Bivens* relief was available to a federal prisoner harmed by deliberately indifferent medical care, in violation of the

Eighth Amendment. *See* 446 U.S. at 17. In recent cases, the Supreme Court has repeatedly cited *Carlson*, which it has described as involving an "inadequate-care claim," as a settled *Bivens* context—in contrast to new contexts where no remedy lies. *Egbert*, 596 U.S. at 490–91; *see also Hernandez*, 140 S. Ct. at 741; *Abbasi*, 582 U.S. at 131. And in *Farmer*, the Court cited *Carlson* when describing the nature of the plaintiff's *Bivens* claim—a claim involving indifference not to proper medical care (like in *Carlson*), but to prisoner safety. *See* 511 U.S. at 830. In *Farmer*, "the Court assessed a 'failure to protect' claim brought under the Eighth Amendment and *Bivens* as a result of prisoner-on-prisoner violence." *Bistrian v. Levi*, 912 F.3d 79, 90 (3d Cir. 2018) (discussing 511 U.S. at 829–34). Vacating a grant of summary judgment in favor of the defendant prison officials, the *Farmer* Court "discussed at length 'deliberate indifference' as the legal standard to assess a *Bivens* claim, the standard by which all subsequent prisoner safety claims have been assessed." *Id.* at 90–91. As Judge Hamilton wrote in his dissent from the panel opinion here, "Eighth Amendment claims like that asserted by [Mr.] Sargeant—for deliberately putting a prisoner in danger of violence from other prisoners—have long been recognized by the Supreme Court, this circuit, and other courts as entirely suitable for a *Bivens* claim." Op. at 20 (Hamilton, J., dissenting) (citing, e.g., *Farmer*, 511 U.S. 825; *Herron v. Meyer*, 820 F.3d 860 (7th Cir. 2016)); *see* Pet. at 4 (discussing the

4

Supreme Court's "repeated[] acknowledge[ment] that *Farmer* recognized a *Bivens* claim").

The panel majority's limitation of the *Carlson* context to claims involving only "alleg[ations of] inadequate medical care," Op. at 12 (majority), is artificial in light of Supreme Court cases. Just a few years before *Farmer*, the Supreme Court explained (in a non-*Bivens* context) that it "s[aw] no significant distinction between claims alleging inadequate medical care and those alleging inadequate 'conditions of confinement,'" as "the medical care a prisoner receives is just as much a 'condition' of his confinement as the food he is fed, the clothes he is issued, the temperature he is subjected to in his cell, and the protection he is afforded against other inmates." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (Scalia, J.). According to the Supreme Court, then, Eighth Amendment claims like Mr. Sargeant's, alleging that prison officials deliberately put a prisoner in danger of violence from other prisoners, are not meaningfully different from the Eighth Amendment claim of deliberately indifferent medical care in *Carlson*. Like the type of Fourth Amendment claim at issue in *Bivens* itself, these kinds of claims fall into a "common and recurrent sphere" that is "reli[ed] upon" by the public and federal officers "as a fixed principle in law." *Abbasi*, 582 U.S. at 134. Courts, including this one, have regularly treated the availability of *Bivens* damages to redress these claims as entirely unremarkable.

5

*See* Op. at 22–25 (Hamilton, J., dissenting); *see id.* at 22–23 (Hamilton, J.,

dissenting) (listing cases from this Court and the Fifth, Ninth, Tenth, Eleventh,

and D.C. Circuits, as well as some district courts). And Congress itself has

accepted this understanding. *See id.* at 34.

The majority was wrong to depart from these Supreme Court cases. First,

in holding that Mr. Sargeant's claim presents a new *Bivens* context, distinct from

*Carlson*, Op. at 12–18 (majority), the majority identified only immaterial

differences between the cases. As Mr. Sargeant and the dissent pointed out, all

of the relevant factors the Supreme Court has identified as potentially

significant—the rank of the defendants, the identity of the constitutional right,

the specificity of the challenged actions, the legal mandate of the defendants,

and the risk of intrusion—are the same here as in both *Carlson* and *Farmer*. *See*

Pet. at 9; *see* Op. at 25–27 (Hamilton, J., dissenting).

Second, the majority waved away the Supreme Court's decision in *Farmer*

as irrelevant to this case. *See* Op. at 10–11 (majority). But that was a significant

error. In making it, the panel rejected the Third Circuit's reading of *Farmer* as a

case that demonstrates that the *Carlson* "context" under *Bivens* includes not

only Eighth Amendment medical care claims but also other types of deliberate

indifference to injury claims against prison official. *See id.* at 10–11 (discussing

*Bistrian*, 912 F.3d at 90–91. Instead, the panel followed the Fourth Circuit in

*Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023), emphasizing that the Fourth Circuit's decision was issued "with the benefit of" the Supreme Court's "guidance" in *Egbert*. Op. at 10.

But *Egbert* does not shed new light on the question of whether the instant case is meaningfully distinguishable from *Carlson* and *Farmer*. *Egbert* only reiterated the Court's repeated instruction that *Bivens* remains alive in previously recognized contexts. It did not set out any new *Bivens* standard, or suggest it was overruling its past cases. Indeed, the Court declined petitioner's request to consider doing away with *Bivens* entirely. *See Egbert v.* Boule, 142 S. Ct. 457 (2021) (mem.) (denying certiorari on that question). *Egbert* did not disturb *Carlson*, *Farmer*, or any of the Court's existing Eighth Amendment cases on deliberate indifference. The panel simply misreads *Egbert*, which contains no significant basis for siding with the Fourth Circuit over the Third.

The majority suggests it is merely following the Supreme Court's lead because in *Egbert*, the Court rejected a First Amendment *Bivens* claim that it had, in an earlier case, "*assumed* . . . might be available." *Egbert*, 596 U.S. at 498 (emphasis added). But in the instant Eighth Amendment context, no assumptions are needed. The *Egbert* Court emphasized that it had "never held that *Bivens* extends to First Amendment claims," *id.* (quotation marks omitted). In contrast, as discussed above, the Supreme Court has repeatedly cited its

*holding* in *Carlson*, an Eighth Amendment case, in its list of established and persevering *Bivens* "contexts."

While it is true that in *Farmer*, the Supreme Court did not expressly hold that *Bivens* relief was available, that was so because the Supreme Court considered the answer "so obvious . . . that it did not need to be questioned or explained." Op. at 25 (Hamilton, J., dissenting). No one even questioned whether damages would be available to the plaintiff in that case if she proved her claims—not the respondents, not any of the concurring Justices in their opinions or at oral argument[2] (including Justice Thomas, who has consistently taken the Court's most restrictive view of *Bivens* and who authored the majority opinion in *Egbert*), and not the Seventh Circuit panel that received the case after remand.[3] And if there had been no *Bivens* remedy available in *Farmer*, the entire litigation in the Supreme Court would have been "a misguided waste of everyone's time." Op. at 24 (Hamilton, J., dissenting) (explaining that "at least eight Justices . . . had no doubt that, with sufficient proof of deliberate indifference, *Bivens* applies to a failure to protect a prisoner"). It is simply clear

---

[2] *See* Tr. of Oral Argument, *Farmer v. Brennan*, 511 U.S. 825 (Jan. 12, 1994) (No. 92-7247), 1994 WL 662267.

[3] *See Farmer v. Brennan*, 81 F.3d 1444 (7th Cir. 1996).

that when the Supreme Court decided *Farmer* in 1994, it understood that the Eighth Amendment claim was materially indistinguishable from the Eighth Amendment claim in *Carlson* for purposes of finding a *Bivens* remedy. And none of the Court's more recent *Bivens* cases has disturbed that settled understanding.

The panel made much of the fact that, in its three recent *Bivens* cases, the Supreme Court has not listed *Farmer* alongside the three "old context" *Bivens* cases. Op. at 11 (majority). But the Supreme Court did not purport to be presenting an exhaustive list, and if it had meant to surgically cut back any of the "old," established *Bivens* contexts, it would have said so explicitly. The question is not how a lower court guesses the current or future Supreme Court would freshly evaluate *Bivens* claims approved of in older cases, including *Farmer*. Instead, the question for this Court is whether in addressing the claim in *Farmer*, the Court recognized the availability of a *Bivens* remedy under *Carlson*. As set forth above, it did.

## II. This case presents a question of exceptional importance, leaving people in federal prisons without a remedy for Eighth Amendment violations throughout this Circuit.

Rehearing en banc is also warranted because the panel decision will radically undermine the public's expectations and reduce incentives for federal officials who are carrying out ordinary duties to respect prisoners'

longstanding and basic Eighth Amendment rights. *See* Fed. R. App. P. 35(a)(2). The panel majority's rule categorically rejecting *Bivens* claims arising from deliberate indifference to the safety of prisoners in federal custody will pull out the rug out from under roughly 10,000 prisoners in this Circuit who are now without the ability to vindicate their Eighth Amendment rights when prison officials are deliberately indifferent to their risk of harm.[4] As Judge Hamilton explained in dissent, "failure-to-protect claims" like Mr. Sargeant's "have been recognized by this [C]ourt and others for decades." Op. at 22 (citing cases).

## CONCLUSION

Amici urge the Court to grant the petition for rehearing en banc.

Dated: February 20, 2023

Respectfully submitted,

*/s/ Rebecca Glenberg*

Cecillia D. Wang
American Civil Liberties Union
  Foundation
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0775
cwang@aclu.org

Rebecca Glenberg
Camille Bennett
  Roger Baldwin Foundation of
  ACLU, Inc.
150 N. Michigan Ave., Ste. 600
Chicago, IL 60601
(312) 201-9740
rglenberg@aclu-il.org
cbennett@aclu-il.org

---

[4] *See* Federal Bureau of Prisons, *Our Locations*, https://www.bop.gov/locations/list.jsp (last visited Feb. 20, 2024); Federal Bureau of Prisons, *Population Statistics*, https://www.bop.gov/mobile/about/population_statistics.jsp. (last updated Feb. 15, 2024).

Jennifer Wedekind
American Civil Liberties Union
  Foundation
915 15th St. NW
Washington, D.C. 20005
(202) 548-6610
jwedekind@aclu.org

Brett Max Kaufman
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
bkaufman@aclu.org

*Counsel for Amici*

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the word limit of Fed. R. App. P. 29(b)(4) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    **X** this document contains 2,347 words, or

    __this brief uses a monospaced typeface and contains [state the number of ] lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    **X** this document has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 Charter Roman, or

    __this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

Dated: February 20, 2024                    Respectfully submitted,

*/s/ Rebecca Glenberg*
Rebecca Glenberg

*Counsel for Amici Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: February 20, 2024         */s/ Rebecca Glenberg*
                                         Rebecca Glenberg

                                         *Counsel for Amici Curiae*